09-2134-ag
Zheng v. Holder

BIA
A070 894 663

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of March, two thousand ten.

PRESENT:
      ROBERT D. SACK,
      REENA RAGGI,
      RICHARD C. WESLEY,
         *Circuit Judges*.

_____

DONG JIAN ZHENG,
      *Petitioner*,

      v.                     09-2134-ag
                               NAC

ERIC H. HOLDER, *Jr.*, U.S. ATTORNEY GENERAL, BOARD OF IMMIGRATION APPEALS,
      *Respondents*.

_____

FOR PETITIONER:      Thomas D. Barra, Forest Hills, New York.

FOR RESPONDENTS:      Tony West, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Juria L. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Dong Jian Zheng, a native and citizen of the People's Republic of China, seeks review of an April 22, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Dong Jian Zheng*, No. A070 894 663 (B.I.A. Apr. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Zheng's motion to reopen as untimely and number-barred because he filed it almost seven years after his July 2002 final order of removal and it was the second such motion he had filed. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The 90-day filing deadline and numerical limitation may be excused if the alien can establish "changed country

conditions arising in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably concluded, however, that Zheng had shown only that his personal circumstances had changed. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008). Because Zheng was required to show changed country conditions in order to succeed on his untimely and number-barred motion, we need not reach his argument that he is *prima facie* eligible for relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk